UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMALL S. BAKER,

     Plaintiff,

 v.

MARVIN WARD, JR, *et al.*,

     Defendants.

CASE NO. 2:23-cv-00138-BHS-GJL

REPORT AND RECOMMENDATION

Noting Date: June 30, 2023

  Plaintiff Jamall S. Baker, proceeding *pro se*, filed this action alleging a cause of action for wrongful death. The District Court has referred Plaintiff's pending Application to Proceed *In Forma Pauperis* ("IFP") and Proposed Second Amended Complaint to United States Magistrate Judge Grady J. Leupold pursuant to Amended General Order 11-22.

  Having reviewed and screened Plaintiff's Proposed Second Amended Complaint under 28 U.S.C. § 1915(e)(2), the Court finds Plaintiff has failed to state a claim. The Court recommends the Application to Proceed IFP be denied and the Proposed Second Amended Complaint be dismissed.

REPORT AND RECOMMENDATION - 1

## I. BACKGROUND

### A. Procedural History

On April 26, 2023, the undersigned reviewed Plaintiff's Motion to Amend with an attached Proposed Amended Complaint and determined that the Complaint failed to state a claim upon which relief could be granted. Dkt. 9. The Court dismissed the Proposed Amended Complaint and directed Plaintiff to file an amended pleading that could cure the deficiencies identified by the Court. *Id*. On May 30, 2023, Plaintiff filed a Proposed Second Amended Complaint. Dkt. 12.

### B. Factual Allegations

In the Proposed Second Amended Complaint, Plaintiff alleges a cause of action for wrongful death against Defendants, three private citizens residing in the State of California, for the murder of his son, Hadari S. Baker. Dkt. 12. Plaintiff contends Defendants conspired to murder Plaintiff's son in retaliation for "actions taken in the criminal offense that sent Hadari S. Baker to prison and for the contract Hadari's dad had in working with the California Department of Justice." *Id*. at 3. Plaintiff claims Defendant Gibson contacted him in order to learn the whereabouts of his son so that Defendant Ward could murder him. *Id*. at 4. After Defendant Ward fatally shot Plaintiff's son on April 13, 2020, Defendant Gibson allegedly contacted Plaintiff several times with information about his son's death. *Id*. at 5. Plaintiff contends all three Defendants acted together to cover up the murder of his son. *Id*. Plaintiff does not state where the murder took place. *See id*. Plaintiff adds to this amendment that he is Hadari S. Baker's representative. *Id*. at 3.

Plaintiff asserts the Court has diversity jurisdiction because the parties are residents of different states and the amount in controversy exceeds $75,000. *Id*. at 2–3. He is seeking compensatory damages and punitive damages. *Id*. at 6.

## II.     DISCUSSION

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the "privilege of pleading *in forma pauperis . . .* in civil actions for damages should be allowed only in exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986). The Court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

Notwithstanding IFP status, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for

relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Here, Plaintiff has alleged a cause of action for wrongful death, asserting federal jurisdiction based on diversity. However, it remains unclear whether Plaintiff has standing to bring this cause of action or whether this Court is the proper venue. "In Washington, wrongful death actions are strictly creatures of statute." *Atchison v. Great W. Malting Co.*, 166 P.3d 662, 664 (Wash. 2007). RCW 4.20.010, the statute creating a wrongful death action, states that "[w]hen the death of a person is caused by the wrongful act, neglect, or default of another person, *his or her personal representative* may maintain an action against the person causing the death for the economic and noneconomic damages sustained by the beneficiaries listed in RCW 4.20.020." RCW 4.20.010(1) (emphasis added). "Washington courts have consistently read this statute to mean that *only* a personal representative may bring an action for wrongful death." *Atchison*, 166 P.3d at 664 (emphasis added); *Huntington v. Samaritan Hosp.*, 680 P.2d 58, 60 (Wash. 1984) (collecting cases). Here, Plaintiff's conclusory statement that he is his son's personal representative without sufficient supporting facts does not demonstrate he is the personal representative of the Estate of the victim for purposes of a wrongful death cause of action.

Furthermore, it remains unclear if the Western District of Washington is the proper venue for this claim. According to the general venue statute,

> A civil action may be brought in –
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). In this case, as pled by Plaintiff, federal jurisdiction is based solely on diversity. Not a single Defendant appears to reside in this District. And Plaintiff has not alleged sufficient facts to demonstrate where a substantial part of the events giving rise to the claim occurred. Accordingly, Plaintiff has not demonstrated this District is a proper venue for this action.

As it remains unclear if Plaintiff has standing to bring this cause of action and as Plaintiff has not provided sufficient information for this Court to determine if this District is the proper venue for this action, the Court finds Plaintiff's Proposed Second Amended Complaint fails to state a claim upon which relief can be granted. *See Iqbal*, 556 U.S. at 678 (2009) (a pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation"); *see also Twombly,* 550 U.S. at 545 (to state a claim for relief, "[f]actual allegations must be enough to raise a right to relief above the speculative level").

The Ninth Circuit has "established that a pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987). Plaintiff has been allowed to amend his Proposed Amended Complaint and the Court instructed Plaintiff regarding the deficiencies of his Proposed Amended Complaint. *See* Dkt. 9. The Court also instructed Plaintiff that he must allege facts showing he has standing to bring this lawsuit and that this District is the proper venue for this action. *Id*. Therefore, the Court recommends

REPORT AND RECOMMENDATION - 5

Plaintiff not be given additional leave to amend. *See Swearington v. California Dep't of Corr. & Rehab.*, 624 F. App'x 956, 959 (9th Cir. 2015) (finding the district court did not abuse its discretion in dismissing without leave to amend because the plaintiff did not cure the complaint's deficiencies despite the district court's specific instructions about how to do so); *see also Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco,* 792 F.2d 1432, 1438 (9th Cir.1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint.").

### III. CONCLUSION

As Plaintiff has failed to state a claim upon which relief may be granted, the Court recommends the Application to Proceed IFP (Dkt. 7) be denied and this case be dismissed without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **June 30, 2023**, as noted in the caption.

Dated this 13th day of June, 2023.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6