UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMALL S. BAKER,<br><br>    Plaintiff,<br><br> v.<br><br>MARVIN WARD, JR, et al.,<br><br>    Defendants. | CASE NO. C23-138 BHS<br><br>ORDER |

  THIS MATTER is before the Court on Magistrate Judge Grady J. Leupold's Report and Recommendation, Dkt.13, recommending the Court deny pro se plaintiff Jamall Baker's application to proceed *in forma pauperis* and dismiss the case without prejudice and without leave to amend. Baker is incarcerated and he appears to be indigent. Dkt. 6. His proposed second amended complaint asserts that Defendants Marvin Ward, Samantha Love, and Rhonda Gibson conspired to and did murder Baker's son, Hadari, on April 13, 2020, although he does not say where this occurred. Baker alleges that all three Defendants are citizens of California, and that Ward is incarcerated there. Dkt. 12 at 1–3. He asserts a wrongful death claim, contending that he is "Hadari's representative."

ORDER - 1

The R&R concludes that Baker fails to state a claim. He has not alleged that he is the personal representative of Hadari's estate and he has not demonstrated that this is the proper venue for a case involving what appears to be a murder in California by California citizens. While the parties may be diverse, Baker has not alleged or shown that this Court has personal jurisdiction over any defendant. The R&R points out that Baker has already had three chances to state a plausible claim, and recommends dismissing the case without leave to amend again.

Baker has not objected to the R&R.

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). A party properly objects when the party files "specific written objections" to the report and recommendation as required under Federal Rule of Civil Procedure 72(b)(2).

"[I]n providing for a de novo determination . . . Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980) (internal quotation marks omitted). Accordingly, when a district court adopts a magistrate judge's recommendation, the district court is required to merely "indicate[] that it reviewed the record de novo, found no merit to . . . [the] objections, and summarily adopt[] the magistrate judge's analysis in [the] report and recommendation." *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023).

In so doing, district courts are "not obligated to explicitly address [the] objections." *Id.* at 437.

The Court concludes that, for all the reasons in the R&R, Baker has not stated and cannot state a plausible claim. In addition to these reasons, as a non-attorney, Baker cannot represent anyone other than himself in this Court.

Representing another person or entity in court is the practice of law. To practice law, one must be an attorney. RCW 2.48.170. Thus, Washington, like all federal courts, follows the common law rule that corporations appearing in court proceedings must be represented by an attorney. There is a pro se exception to this general rule, under which a person "'may appear and act in any court as his own attorney without threat of sanction for unauthorized practice.'" *Cottringer v. State, Dep't of Employment Sec.,* 162 Wn. App. 782, 787, (2011) (quoting *Wash. State Bar Ass'n v. Great W. Union Fed. Sav. & Loan Ass'n*, 91 Wn.2d 48, 56 (1978)).

The pro se exception is, however, extremely limited and applies "'only if the layperson is acting solely on his own behalf'" with respect to his own legal rights and obligations. *Cottringer,* 162 Wn. App. at 787–88 (quoting *Wash. State Bar Ass'n*, 91 Wn.2d at 57). Although a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him. *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966). He has no authority to appear as an attorney for anyone other than himself. *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962); *Collins v. O'Brien*, 208 F.2d 44, 45 (D.C. Cir. 1953), *cert. denied*, 347 U.S. 944 (1954). The real party in interest must be the person who "by substantive law has the right sought to be enforced." *See C.E. Pope*

*Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *see also McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966) (the privilege to represent oneself pro se provided by section 1654 is personal to the litigant and does not extend to other parties or entities). Even if Baker is the personal representative of Hadari's estate, and even if he is the beneficiary of a wrongful death claim under RCW 4.20.020, he cannot represent Hadari's estate, or assert claims by or through it, as a pro se litigant.

The R&R is **ADOPTED**, and Baker's application to proceed *in forma pauperis* is **DENIED**. The case is **DISMISSED without prejudice and without leave to amend**. Baker may retain an attorney to assert claims in a proper venue.

The Clerk shall enter a JUDGMENT and close the case.

IT IS SO ORDERED.

Dated this 11th day of July, 2023.

BENJAMIN H. SETTLE
United States District Judge